UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Josephina Hernandez-Garete, | Case No. 18-cv-2615 (SRN/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Nanette Barnes, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner Josephina Hernandez-Garete's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].[1]

Petitioner Josephina Hernandez-Garete initiated the present action on August 24, 2018, by filing her Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Docket No. 1]. On September 19, 2018, after review of the Petition, the Court ordered Hernandez-Garete to file an amended petition including "(1) a fuller description of [her] claim (or claims) for relief, and (2) an explanation as to why [she] believes this Court has jurisdiction under her Petition." (Order, [Docket No. 4], at 2). Hernandez-Garete filed her Response on October 11, 2018. (See, Resp. [Docket No. 5]).

Based on review of the Petition, as supplemented by Petitioner's October 11th Response, the Court recommends that the Petition be dismissed for lack of subject matter jurisdiction.

---

[1] The Court reviews the current Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Petition itself is not governed by § 2254, but the Rules Governing Section 2254 Cases nevertheless apply. See, Rule 1(b).

In June 2012, a grand jury in the Western District of Washington indicted Hernandez-Garete on one count of methamphetamine distribution and three counts of money laundering. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Indictment, [Docket No. 9], at 1–3 (W.D. Wash. June 14, 2012).[2] Hernandez-Garete entered into a plea agreement with the Government in November 2012, under which she would plead guilty to the drug-distribution count and one money-laundering count. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Plea Agreement [Docket No. 25] (W.D. Wash. Nov. 29, 2012).  The U.S. District Court for the Western District of Washington entered an Order accepting the plea in December 2012. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Acceptance of Plea of Guilty, Adjudication of Guilt, and Not. of Sentencing [Docket No. 27] (W.D. Wash. Dec. 17, 2012). In March 2013, the District Court sentenced Hernandez-Garete to 120 months in prison to be followed by a 5-year term of supervised release. United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Sentencing [Docket No. 37] (W.D. Wash. Mar. 26, 2013).

Hernandez-Garete has since filed at least four challenges to her conviction and/or sentence. One was her direct appeal, and the other three were collateral challenges of various sorts filed in the U.S. District Court for the Western District of Washington. All of Petitioner's previous challenges have been denied.

On direct appeal, Hernandez-Garete argued that at sentencing the District Court inappropriately deferred to the Government's assessment of her credibility when deciding that she was not eligible for the "safety valve" provision of 18 U.S.C. § 3553(f). See, e.g., Hernandez-

---

[2] Certain pleadings in Case No. 12-cr-163-RAJ name as the defendant Marina Flores. See, e.g., Indictment. On November 29, 2012, during proceedings in the U.S. District Court for the Western District of Washington, the defendant in that case indicated that her true name was Josephina Hernandez Garete and that Flores was merely an alias. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ) Minute Entry [Docket No. 23] (W.D. Wash. Nov. 29, 2012). In the present action, Petitioner has hyphenated her last name in both pleadings she has submitted; therefore, the Court will use the name Hernandez-Garete to refer to Petitioner's prior cases.

2

Garete v. United States, No. 13-30087, Aplt.'s Opening Br. 4 [Docket No. 25] (9th Cir. Oct. 15, 2013). The Ninth Circuit dismissed her appeal on the ground that her plea agreement contained a valid and applicable plea waiver. See, Hernandez-Garete v. United States, No. 13-30087, Order (9th Cir. Dec. 23, 2013).

In January 2014, Hernandez-Garete filed a § 2255 motion in the U.S. District Court for the Western District of Washington; this motion pressed various claims of ineffective assistance of counsel. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Pet. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 50] (W.D. Wash. Jan. 27, 2014). The District Court denied that motion in July 2014. See, Hernandez-Garete v. United States, No. 14-cv-141 (RAJ), Order [Docket No. 8] (W.D. Wash. July 14, 2014).

In November 2014, Hernandez-Garete moved to amend her sentence; she argued that November 2014, amendments to § 2D1.1 of the U.S. Sentencing Guidelines should retroactively apply to her sentencing. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Mot. to Amend Sentence Pursuant to U.S. Guideline Amendment § 2D1.1 and 18 U.S.C. § 3582(c)(2), [Docket No. 51], at 1–2 (W.D. Wash. Nov. 17, 2014). The District Court denied that motion in June 2015. See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Order Denying Mot. for Reduction of Sentence [Docket No. 55] (W.D. Wash. June 8, 2015).

In June 2016, Hernandez-Garete filed a second motion which was construed by the Court as an § 2255 motion; this motion argued that she merited relief under the U.S. Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2563 (2015). See, United States v. Hernandez-Garete, No. 12-cr-163 (RAJ), Sentences/Modification/Reduction Pursuant to Johnson/Welch [Docket No. 57] (W.D. Wash. June 10, 2016). The District Court denied that motion in March

3

2017. See, Hernandez-Garete v. United States, No. 16-cv-892 (RAJ) Order, [Docket No. 7], at 1 (W.D. Wash. Mar. 22, 2017).

Hernandez-Garete's present Petition provides no substantive ground for relief save a one-sentence reference to due process. (See, Pet., [Docket No. 1], at 7). Petitioner's October 11th supplemental Response to the Court's Order which was to provide a more-fulsome argument is not entirely clear, but it does not rest on due process considerations. (See gen., Resp. [Docket No. 5]) (making no mention of due process). Hernandez-Garete appears now to assert that (1) before a court sentences a defendant to a mandatory minimum sentence due to the defendant's involvement with a drug-related conspiracy, the factfinder "must find the drug quantity applicable to the defendant on an 'individualized' basis, not just the drug quantity attributable to the con[s]piracy as a whole"; and (2) the sentencing court sentenced her without following this rule. Id. at 3–4.

Thus, on the record currently before the Court, Hernandez-Garete is clearly trying to collaterally challenge her sentence.[3]

However, "[i]t is well settled that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . , and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)). If a federal prisoner brings such a challenge under § 2241, the Court of incarceration cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) (citing cases); see also, 28 U.S.C. § 2255(e)

---

[3] Petitioner's Response, [Docket No. 5], suggests that Hernandez-Garete is merely challenging her sentence's "execution." (Resp., [Docket No. 5], at 2; see also, Pet., [Docket No. 1], at 2). The record presently before the Court, however, makes clear that Hernandez-Garete is not challenging how she is being imprisoned; instead, she challenges her sentence's initial validity. (See, e.g., Pet., [Docket No. 1], at 9) (requesting, as relief, remand for resentencing); Resp., [Docket No. 5], at 4 (requesting that the Court "render a decision that reduces her sentence")). This is not a challenge to her sentence's "execution."

4

(providing that a habeas petition from federal prisoner "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced [her], or that such court has denied [her] relief unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of [her] detention"). The "inadequate or ineffective" language in § 2255(e) is sometimes referred to as the "savings clause," Abdullah, 392 F.3d at 959, because it can save a § 2241 habeas petition from being dismissed. The prisoner has the burden of establishing that § 2255 is inadequate or ineffective. Id. (citing Hill, 349 F.3d at 1091).

For a prisoner to establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." Id. (citing Hill, 349 F.3d at 1091). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion, . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted); see also, Abdullah, 392 F.3d at 959 (citing Lurie). Notably for purposes of this present case, a prisoner cannot raise in a § 2241 motion an issue which could have been or actually was raised in a § 2255 motion. See, Lurie, 207 F.3d at 1077–78.

Hernandez-Garete plainly could have offered her present individualized-drug-quantity argument in her earlier proceedings before the sentencing Court. The overwhelming bulk of case law Hernandez-Garete presents in support of her argument is from cases dated 2004 and earlier. (See, Resp., [Docket No. 5], at 3–4). Furthermore, the exception mentioned in her citations proves the rule.

In United States v. Stoddard, the Court there agreed with other circuits that for sentencing purposes, the amount of drugs attributed to a conspirator must be determined on an individualized basis. 892 F.3d 1203, 1221 (D.C. Cir. 2018). In its discussion, while the Court noted other circuits' disagreement on the approach, it cited the Ninth Circuit's decision in United States v. Banuelos, 322 F.3d 700 (9th Cir. 2003), to show that the Ninth Circuit too required an individualized approach. As the Western District of Washington—the district of Hernandez-Garete's trial and sentencing—fell within the Ninth Circuit, Stoddard shows that Hernandez-Garete's individualized-drug-quantity argument was one she could easily have pursued in her earlier § 2255 motions.

Because Hernandez-Garete could have raised her individualized-drug-quantity argument in an earlier § 2255 motion, but did not do so, she cannot now raise it in a § 2241 motion before this Court. Section 2255 is thus not "inadequate or ineffective" here, and Hernandez-Garete has failed to establish that the § 2255(e) savings clause applies.

This in turn means that Hernandez-Garete's Petition is barred by § 2255(e)'s exclusive-remedy provision, and this Court must summarily dismiss the action for lack of subject matter jurisdiction. See, DeSimone, 805 F.2d at 324 (providing that a § 2241 petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction where petitioner had not demonstrated that § 2255 motion was inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition.").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated: November 7, 2018                     s/Leo I. Brisbois
                                            Leo I. Brisbois
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).