# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Josephina Hernandez-Garete, Hernandez-Garete, <br><br> v. <br><br> Warden Nanette Barnes, <br><br> Respondent. | Case No. 18-cv-2615 (SRN/LIB) <br><br> **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

Josephina Hernandez-Garete, 42317-086, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093, pro se.

Ann M. Bildtsen & Ana H. Voss, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objection ("Objection") [Doc. No. 8] of Josephina Hernandez-Garete to Magistrate Judge Leo Brisbois's Report and Recommendation [Doc. No. 6] that Hernandez-Garete's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") [Doc. No. 1] be denied. For the reasons set forth below, and after a *de novo* review, this Court overrules Hernandez-Garete's Objection, adopts the R&R in its entirety, and denies the Hernandez-Garete's § 2241 Petition.

**I.    Background**

In June 2012, Hernandez-Garete was indicted on one count of methamphetamine distribution and three counts of money laundering. *See* Indictment [Doc. No. 9] at 1–3,

1

*United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ) (W.D. Wash. June 14, 2012). In November 2012, she entered a guilty plea to one count of drug-distribution and one count of money-laundering. *See* Plea Agreement [Docket No. 25], *United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ), (W.D. Wash. Nov. 29, 2012). In March 2013, the U.S. District Court for the Western District of Washington sentenced Hernandez-Garete to 120 months in prison to be followed by a 5-year term of supervised release. *See* Sentencing J. [Docket No. 37], *United States v. Hernandez-Garete*, No. 12-cr163 (RAJ) (W.D. Wash. Mar. 26, 2013).

Hernandez-Garete has since filed at least four challenges to her conviction and sentence. One was her direct appeal, and the other three were collateral challenges of various sorts filed in the U.S. District Court for the Western District of Washington. All of Hernandez-Garete's previous challenges have been denied.

First, on direct appeal, Hernandez-Garete contended that the U.S. District Court for the Western District of Washington did not properly consider her eligibility for the "safety valve" provision of 18 U.S.C. § 3553(f) at sentencing. *See, e.g.*, Appellant's Br. [Docket No. 25] at 4, *Hernandez-Garete v. United States*, No. 13-30087 (9th Cir. Oct. 15, 2013). The Ninth Circuit dismissed her appeal on the ground that her plea agreement contained a valid and enforceable plea waiver. *See* Nov. 23, 2013 Order [Doc. No. 35], *Hernandez-Garete v. United States*, No. 13-30087 (9th Cir. Dec. 23, 2013).

Second, in January 2014, Hernandez-Garete filed a 28 U.S.C. § 2255 motion in the U.S. District Court for the Western District of Washington claiming ineffective assistance of counsel. *See* Def.'s Pet. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence [Docket No. 50], *United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ) (W.D. Wash. Jan. 27, 2014). In July 2014, the court denied her motion. *See* July 14, 2014 Order [Docket No. 8], *Hernandez-Garete v. United States*, No. 14-cv-141 (RAJ) (W.D. Wash. July 14, 2014).

Third, in November 2014, Hernandez-Garete moved to amend her sentence, arguing that amendments to § 2D1.1 of the U.S. Sentencing Guidelines should retroactively apply. *See* Def.'s Mot. to Reduce Sentence [Docket No. 51] at 1–2, *United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ) (W.D. Wash. Nov. 17, 2014). The U.S. District Court for the Western District of Washington denied that motion in June 2015. *See* June 8, 2015 Order [Docket No. 55], *United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ) (W.D. Wash. June 8, 2015).

Lastly, in June 2016, Hernandez-Garete filed a motion construed by the U.S. District Court for the Western District of Washington as a § 2255 motion, asserting that she was entitled to relief under the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2563 (2015). *See* Def.'s Mot. to Correct Sentence [Docket No. 57], *United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ) (W.D. Wash. June 10, 2016). In March 2017, the court denied the motion. *See* March 4, 2017 Order [Docket No. 7] at 1, *Hernandez-Garete v. United States*, No. 16-cv-892 (RAJ) (W.D. Wash. Mar. 22, 2017).

Then, on September 13, 2018, Hernandez-Garete filed the subject § 2241 Petition. In it, Hernandez-Garete argues that she is entitled to relief because she was denied her right of due process. (Pet'r's § 2241 Pet. at 6.) On September 19, 2018, Magistrate Judge Brisbois ordered Hernandez-Garete to file an amended petition for writ of habeas corpus.

(Sept. 19, 2018 Order [Doc. No. 4].) On October 11, 2018, Hernandez-Garete filed a supplemental response, which did not rest on due process considerations. (*See* Pet'r's Resp. [Docket No. 5].) Instead, she asserts that: (1) a factfinder "must find the drug quantity applicable to the defendant on an 'individualized' basis, not just the drug quantity attributable to the con[s]piracy as a whole" before a drug-related conspiracy mandatory minimum sentence may be imposed; and (2) the U.S. District Court for the Western District of Washington sentenced her without following this rule. (*Id.* at 3–4.)

In a thorough and well-reasoned R&R, Magistrate Judge Brisbois recommended that Hernandez-Garete's § 2241 Petition be dismissed for lack of subject matter jurisdiction. (R&R at 1.) On November 28, 2018, Hernandez-Garete filed a timely Objection to Magistrate Judge Brisbois's R&R. (Obj. at 1.) In it, Hernandez-Garete reasserted her due process argument under the Fifth Amendment. (Obj. at 1.) Hernandez-Garete continues to attempt to use a petition for writ of habeas corpus under § 2241 to advance her claims—an approach that the U.S. District Court for the Western District of Washington Court and Magistrate Judge Brisbois have thoroughly addressed and rejected. Because this Court fully agrees with the magistrate judge's R&R, this Court overrules Hernandez-Garete's Objection and adopts the R&R in its entirety.

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made

4

and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

"[A] collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). If a federal prisoner brings her claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing *Hill*, 349 F.3d at 1091); *see also* 28 U.S.C. § 2255(e). The court of incarceration "has subject matter jurisdiction only if the remedies in the sentencing district are inadequate or ineffective." *Hill*, 349 F.3d at 1090. The prisoner has the burden of establishing that § 2255 is inadequate or ineffective. *Hill*, 349 F.3d at 1091.

For a prisoner to establish that § 2255 is inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959 (citing *Hill*, 349 F.3d at 1091). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been

5

denied." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *see also Abdullah*, 392 F.3d at 959. Moreover, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (8th Cir. 2003) (citing *Lurie*, 207 F.3d at 1077–78).

It is clear that all of Hernandez-Garete's arguments are collateral challenges to her sentence. (Pet'r's Resp. at 3–4.) As the magistrate judge noted, all of Hernandez-Garete's arguments in support of her petition for writ of habeas corpus should have been made in her first § 2255 motion. (*Id.* at 5.) Hernandez-Garete could have offered her present individualized-drug-quantity argument in her earlier papers before the sentencing court. *See United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003) (finding that the Ninth Circuit required an individualized approach to determine drug quantities at sentencing). Specifically, she was afforded ample opportunity to challenge her conviction and sentence under § 2255 and fully availed herself of that opportunity. *See* Def.'s Mot. to Correct Sentence, *United States v. Hernandez-Garete*, No. 12-cr-163 (RAJ) (W.D. Wash. June 10, 2016).

Further, because Hernandez-Garete's memorandum does not support her assertion that a § 2255 petition would have been inadequate and ineffective, she has failed to establish that the § 2255(e) savings clause applies. As such, "Hernandez-Garete [Hernandez-Garete] is barred by § 2255(e)'s exclusive remedy provision and this Court must summarily dismiss the action for lack of jurisdiction." (R&R at 6.)

In conclusion, after a *de novo* review of all the files, records, and proceedings

herein, this Court agrees with the magistrate judge that Hernandez-Garete's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 should be denied. Accordingly, this Court overrules Hernandez-Garete's Objection and adopts the R&R in its entirety.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Hernandez-Garete's Objection [Doc. No. 8] is **OVERRULED**;

2. Magistrate Judge Brisbois's R&R [Doc. No. 6] is **ADOPTED** in its entirety;

3. Hernandez-Garete's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 31, 2019   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge